**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clifford Michael OLIVER,
Defendant–Appellant.**

**No. 08–50256.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 2010.*

Filed Feb. 3, 2010.

Gregory William Staples, Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jilbert Tahmazian, Law Offices of Jilbert Tahmazian, Glendale, CA, for Defendant–Appellant.

Before: KLEINFELD, WARDLAW, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Oliver pleaded guilty to possessing more than 30 kilograms of phencyclidine (PCP) with intent to distribute. On appeal, he challenges the denial of his motion to suppress evidence taken from his storage locker located inside the shared parking garage of his apartment complex. Oliver's argument, that the police broke into the garage, lied to the magistrate judge about how they got into the garage, and obtained

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

a warrant to search Oliver's storage locker and apartment, fails for two alternative independent reasons. First, Oliver has no standing to challenge police entry into the shared parking garage, even if the police were trespassing. *United States v. Nohara*, 3 F.3d 1239, 1242 (9th Cir.1993). Second, the district court held an evidentiary hearing, found the police detectives credible, and made further findings of fact that the police did not break into the garage and made no misrepresentations in the affidavits submitted in support of the applications for a search warrant. These findings are not clearly erroneous. *See United States v. Martinez–Garcia*, 397 F.3d 1205, 1215 n. 5 (9th Cir.2005).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.